UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCOS ANTONIO LABORDE
CASALLAS,

       Petitioner,

  v.                             Case No.:  2:26-cv-2137-SPC-KRH

GARRETT RIPA *et al.*,

       Respondents,

_____/

**OPINION AND ORDER**

Before the Court are Marcos Antonio Laborde Casallas's Emergency Motion to Enforce the Court's Amended Opinion and Order and for Immediate Release (Doc. 11) and the government's response (Doc. 13).

Laborde Casallas is native of Cuba who entered the United States in October 2022.  He has no criminal history.  On November 6, 2025, Immigration and Customs Enforcement detained Laborde Casallas when he appeared for a check-in appointment.  On July 31, 2026, this Court granted Laborde Casallas's habeas petition and ordered the following relief:

> The Court will thus order the respondents to either bring Laborde Casallas before an immigration judge for another bond hearing within ten days or release him under reasonable conditions of supervision while his removal proceeding is pending. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof to justify continued detention. If the respondents are unable to ensure Laborde Casallas receives a bond

hearing that complies with this Order within ten days, they must release him, but they may impose reasonable terms of supervision.

(Doc. 10 at 5-6).

Immigration Judge Rene Mateo held a custody redetermination hearing on August 10, 2026.  He denied Laborde Casallas's request for release on bond with the following order:

flight risk-12/11/2025 bond denied; 3/4/2026 bond denied as flight risk; appeal timely filed before the BIA on order of removal 2/11/2026

(Doc. 11-1 at 2).  Laborde Casallas filed his motion to enforce later that day, and the Court ordered an expedited response.  Laborde Casallas claims Judge Mateo failed to comply with this Court's order and instead denied bond simply because other immigration judges did so in prior hearings.  In response, the government argues the hearing complied with the habeas order because Judge Mateo heard arguments from both sides, but it acknowledges the resulting order does not reflect "consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*[.]"  (Doc. 10 at 5).

It is clear from the bond order that the August 10, 2026 bond hearing did not comply with the Court's order.  Specifically, the hearing did not include, and the resulting order did not reflect, consideration of evidence and the factors set forth in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006).  Judge Mateo's sole justification for denying release on bond was Laborde Casallas's lack of success when appearing before other immigration judges.  That is not a *Guerra* factor.

2

Because the respondents did not afford Laborde Casallas a bond hearing that complied with the July 31, 2026 Order, Laborde Casallas is entitled to the alternative remedy—release from custody.

Accordingly, Laborde Casallas's motion (Doc. 11) is **granted**. The respondents shall release Laborde Casallas within 12 hours of this Order and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

**DONE AND ORDERED** in Fort Myers, Florida on August 12, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

3